UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:19-CR-74-3-TLS-APR |
| DENZEL DAVIS | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Denzel Davis' Emergency Motion for Release on Pandemic/Health Grounds [ECF No. 55], filed on April 16, 2020. For the reasons stated below, the Defendant's request is DENIED without prejudice.

**BACKGROUND**

On June 10, 2019, the Government filed a Criminal Complaint [ECF No. 1] alleging that Defendant Davis committed the offense of possession with intent to deliver 500 grams or more of a substance containing methamphetamine. *See* Criminal Compl., ECF No. 1; Arrest Warrant, ECF No. 2; *see also* 21 U.S.C. § 841(a), (b)(1)(B)(viii).

On June 13, 2019, Judge Rodovich conducted a Probable Cause and Detention Hearing [ECF No. 11]. Defendant Davis stipulated to detention but reserved his right to later request a hearing should circumstances change. *See* Detention Hearing & Probable Cause Hearing, ECF No. 11. As such, Judge Rodovich ordered that Defendant Davis be held without bond pending trial. *See* Order of Detention, ECF No. 12.

On June 20, 2019, the Grand Jury indicted Defendant Davis with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count I); attempted possession with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of

methamphetamine (Count II); and possession with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count III). *See* Indictment, ECF No. 14; *see also* 21 U.S.C. §§ 841(a)(1), (b)(1)(A). A Superseding Indictment [ECF No. 38] was returned on February 21, 2020.

On March 13, 2020, Defendant Davis entered into a plea agreement in which he agreed to plead guilty to all three counts. Plea Agreement, pp. 4–7, ECF No. 50. On March 17, 2020, this matter was referred to Judge Rodovich for a change of plea hearing. *See* Order, ECF No. 51. However, this change of plea hearing has yet to be conducted.

On April 16, 2020, Defendant Davis filed the instant Emergency Motion for Release on Pandemic/Health Grounds [ECF No. 55]. In relevant part, Defendant Davis argues that he should be released from pretrial detention due to the ongoing COVID-19 pandemic. *See* Def.'s Mot. at 3–8, ECF No. 55. Specifically, Defendant Davis avers that he has asthma and high blood pressure and is especially vulnerable to COVID-19. *Id.* at 2. Defendant Davis requests that he be released from pretrial detention and monitored through GPS-location equipment. *Id.*

On April 20, 2020, the Government filed a Response [ECF No. 61]. In pertinent part, the Government argues that (1) Defendant Davis is a flight risk and a danger to the community and (2) is not entitled to temporary release. *See* Response at 5–9, ECF No. 61. Regarding the latter argument, the Government argues that Defendant Davis is a young male who is in excellent physical health. This matter is ripe for ruling without further briefing.

**ANALYSIS**

Defendant Davis' request for pretrial release is denied. When a person has been detained before trial pursuant to 18 U.S.C. § 3142(e), the Court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate

person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). In making this determination, factors the district court may consider include "(1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." *United States v. Hamlin*, No. 17-cr-175, 2020 WL 1703848, at *5 (E.D. Wis. Apr. 8, 2020) (quoting *United States v. Clark*, No. 19-40068-01, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)). The Court is not required to weigh these factors equally. *Id.* Whether to grant relief pursuant to 18 U.S.C. § 3142(i) is left to the sound discretion of the district court. *See, e.g.*, *United States v. Dillard*, No. 1:19-00362, 2020 WL 1697243, at *2 (S.D. Ind. Apr. 7, 2020).

The Court finds that the first factor weighs heavily against release. Although the Defendant consented to pretrial detention, Defendant Davis is charged with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count I); attempted possession with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count II); and possession with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count III). *See* Indictment, ECF No. 14. These are serious crimes which represent a danger to the community. *See* 18 U.S.C. § 3142(g)(1). Furthermore, the Court finds that Defendant Davis has an increased incentive to evade the jurisdiction because he has entered into a plea agreement as to these charges. *See* Plea Agreement at 4–7, ECF No. 50.

The second factor also weighs against release. The Defendant argues that the COVID-19 pandemic "poses a direct risk to Denzel Davis that is far greater if he continues to be detained during this public health crisis. Denzel Davis is vulnerable because he has asthma and high blood pressure." Def.'s Mot. at 5, ECF No. 55. However, the Defendant has not provided any evidence to support his medical claims. The Government, by contrast, argues that the Defendant is a healthy young male who is not at unique risk to the COVID-19 pandemic. The Court, after a review of sealed filings including a Pretrial Services Report, agrees with the Government and finds that the second factor weighs against release. *See Hamlin*, 2020 WL 1703848, at \*6 ("[T]he defendant may be at a higher risk than a thirty-year-old with no underlying health problems, [but] it is not clear that he is at a significantly greater risk for severe illness if infected, compared to someone who is older or someone with severe illness or comprised immunity."); *Dillard*, 2020 WL 1697243, at \*2 ("[D]espite having high blood pressure and childhood asthma, Dillard recently reported to the probation officer that he was 'in good health with no serious ailments or surgeries in his life.' Dillard's circumstances have not changed to an extent that would warrant his release from detention."); *see also United States v. Howard*, No. 1:19-cr-00255, 2020 WL 1599693, at \*2 (S.D. Ind. Apr. 1, 2020) ("The Probation Office's limited resources should be reserved for the release of those in pretrial detainment whose circumstances have truly changed—such as those who are elderly or at high risk for the virus.").

Because the first and second factors weigh strongly against release, the Court will not address any dispute regarding the third and fourth factors. Thus, as applied to Defendant Davis, the Court finds that the COVID-19 pandemic is not a "compelling reason" for temporary release. 18 U.S.C. § 3142(i).

## CONCLUSION

For the reasons stated above, the Defendant's Emergency Motion for Release on Pandemic/Health Grounds [ECF No. 55] is DENIED without prejudice. The Defendant has leave of court to refile an emergency motion should health circumstances involving the individual Defendant or the specific detention facility in which the Defendant is being held deteriorate due to the advance of COVID-19 in the community.

SO ORDERED on April 23, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT